# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES WHETSTONE,

        Petitioner,               Case Number: 2:09-11101

v.                                         HON. LAWRENCE P. ZATKOFF

DAVID BERGH,

        Respondent.

_____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner James Whetstone's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, presently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, challenges his conviction for conspiracy to commit first-degree murder. For the reasons discussed below, the Court denies the petition.

### I. Facts

Petitioner's conviction arises from the shooting death of Devin McCain in the City of Jackson on October 28, 2006. McCain was found dead from a gunshot wound to the head in front of a two-family home on that date. The Michigan Court of Appeals summarized the facts adduced at trial leading to Petitioner's conviction as follows:

> The shooting . . . apparently arose out of a fight between the victim and a member of a gang. Defendant was also a member of the gang; the victim was not. The other gang member made threats against the victim shortly after the fight, and approximately a month later he came to an apartment where the victim was located, along with defendant and another individual. There were numerous witnesses in the

vicinity, but no direct eyewitnesses who testified to actually seeing defendant shoot the victim. Nevertheless, all three individuals were apparently armed, and the testimony was clear that the victim got shot exiting the apartment. There was also testimony that defendant told others that he had shot the victim.[*] Additionally, there was testimony that, two weeks later, defendant was involved in an armed robbery during which he stated that he would "do" a drug dealer just like he "did" the victim.

---

[*] Defendant was charged with first-degree murder, but the jury acquitted him of this charge.

*People v. Whetstone*, No. 271838, 2007 WL 4322143, *1 (Mich. Ct. App. Dec. 11, 2007).

## II. Procedural History

Following a jury trial in Jackson County Circuit Court, Petitioner was convicted of conspiracy to commit first-degree murder. On June 27, 2006, he was sentenced to life imprisonment. Petitioner filed an appeal of right to the Michigan Court of Appeals, raising the following claims:

I. Defendant was denied his due process right to a fair trial by the court's admission of evidence of subsequent crimes when the highly prejudicial evidence was admitted without proper purpose.

II. When the court erroneously found that defendant's sentence in this case must be served consecutively to a felony-firearm sentence in a separate case, the matter should be remanded to the trial court for amendment of the sentence.

III. Trial counsel was ineffective for not: (a) requesting expert witness assistance, (b) subpoenaing defense witnesses, (c) petitioning for lien information, (d) moving for a change of venue, (e) assessing defendant's competence, or (f) assessing whether defendant was in a gang.

The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded for re-sentencing because the trial court imposed the life sentence consecutively to a two-year sentence imposed in another case, finding that the mandatory sentence for a felony-firearm conviction may only be served consecutively to the sentence of the underlying felony. *People v. Whetstone*, No.

271838, 2007 WL 4322143 (Mich. Ct. App. Dec. 11, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Whetstone,* 480 Mich. 1138 (Mich. March 24 2008).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the following claims:

> I.  The defendant was denied his due process right to a fair trial by the court's admission of evidence of subsequent crimes when the highly prejudicial evidence was admitted without proper purpose.
>
> II. Trial counsel was ineffective because counsel did not assert requests: (1) for expert witness assistance, (2) to subpoena defense witnesses, (3) to petition for lien information, (4) for change of venue, (5) to determine Petitioner's competence at sentencing, and (6) to challenge evidence regarding Petitioner's gang affiliation.

### III. Standard of Review

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the great writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (*quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume

the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11; *see also Knowles v. Mirzayance*, --- U.S. ----, ----, 129 S. Ct. 1411, 1419 (2009)

(noting that the Supreme "Court has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (*quoting Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam) (internal quotations omitted)); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

## IV.  Discussion

### A.  Other Act Evidence

In his first claim, Petitioner argues that the trial court violated his right to a fair trial by admitting evidence of a subsequent crime which was highly prejudicial and served no proper purpose.[1] The trial court permitted testimony providing context for Petitioner's statement that he would "do" a drug dealer just like he "did" the victim. Tricia Smith testified that, approximately two weeks after McCain's murder, she witnessed a robbery that occurred at a crack house. She identified Petitioner as one of the five men who forced themselves into the crack house and stated that he was carrying a gun. She testified that she heard one of the gunman ask Petitioner if he felt

---

[1] Respondent argues that this claim is procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (*citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

like shooting someone else.  Smith testified that Petitioner's responded, "I'll do this [one] just like I did Devin."  Tr., 6/12/06 at 16.

The Michigan Court of Appeals held that this evidence was properly admitted.  The state court reasoned that the evidence was not admitted for the purpose of establishing Petitioner's propensity to commit violent crime.  Instead, it was offered to provide a context for the inculpatory statement made by Petitioner.  The state court held that providing evidence of the context surrounding the statement allowed the jury to better determine what Petitioner meant when he said he "did" the victim.  *Whestone*, 2007 WL 4322143 at *1.

The United States Supreme Court has declined to hold that the admission of similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice.  *See Dowling v. United States*, 493 U.S. 342, 352-53, 110 S. Ct. 668, 674-75 (1990).  Although the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.  "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1).  *Id.* at 513.  Petitioner's challenge to the admission of other act evidence, therefore, does not warrant habeas relief.

### B. Alleged Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was ineffective in failing to: (1) request the assistance of an expert witness, (2) subpoena defense witnesses, (3) request criminal histories of prosecution

witnesses, (4) move for a change of venue, (5) present evidence that Petitioner was not a gang member, and (6) raise the issue of competency at sentencing.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, __ U.S. __, 129 S. Ct. 1411, 1419 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at __, 129 S. Ct. at 1420 (internal quotation omitted).

The Michigan Court of Appeals, although not specifically citing *Strickland*, clearly applied the standard articulated in *Strickland*. The state court concluded that Petitioner failed to show that counsel was ineffective or that he was prejudiced by any errors. First, the state court of appeals held

that counsel was not ineffective in failing to request the assistance of an expert witness because Petitioner failed to "articulate how an expert witness would have helped his case, and nothing in the record suggests that any facts required an expert explanation." *Whetstone*, 2007 WL 4322143 at * 2. Similarly, in his habeas petition, Petitioner fails to articulate with any specificity how a defense witness would have been pertinent or helpful to his defense. To the extent that Petitioner argues that an expert witness would have been relevant to a competency determination, other than a vague assertion regarding his competency, Petitioner provides no support for his conclusory claim that his competency was an issue.

Second, the Michigan Court of Appeals rejected Petitioner's claim that counsel was ineffective in failing to call additional defense witnesses. The state court reasoned that Petitioner failed to provide any indication as to what the additional witnesses' testimony would have been. In his habeas petition, Petitioner again fails to provide any affidavits or summary as to what the missing testimony would have shown. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

Third, Petitioner argues counsel was ineffective in failing to request production of the criminal histories of prosecution witnesses. The Michigan Court of Appeals denied this claim, finding the record demonstrated that counsel requested the criminal histories and was provided with this information. *Whetstone*, 2007 WL 4322143 at *2. Petitioner has not shown that the state court's factual finding in this regard was erroneous. Therefore, he has established no basis for a finding that counsel was ineffective in this regard.

Fourth, Petitioner claims that counsel was ineffective in failing to request a change of venue

8

based upon extensive pretrial publicity. The United States Supreme Court has recognized two types of prejudice which require reversal for refusal to change venue – presumed and actual prejudice. Prejudice is presumed when adverse pretrial publicity is so pervasive or the influence of the media creates such a "circus atmosphere" in the courtroom that "[t]he proceedings [are] entirely lacking in the solemnity and sobriety to which a defendant is entitled in a system that subscribes to any notion of fairness and rejects the verdict of a mob." *Murphy v. Florida*, 421 U.S. 794, 799 (1975). Courts presume prejudice in such cases because "adverse pretrial publicity can create such a presumption of prejudice in a community that jurors' claims that they can be impartial should not be believed." *Patton v. Yount*, 467 U.S. 1025, 1031 (1984). Where the circumstances surrounding a case were not so egregious as to invoke a presumption of prejudice, a petitioner can show that the trial court erred in denying a request for change of venue by demonstrating actual prejudice. *Murphy*, 421 U.S. at 800-01.

Petitioner has not shown extensive or pervasive pretrial publicity existed as to create such a circus atmosphere that prejudice should be presumed. With regard to actual prejudice, the Michigan Court of Appeals held:

> Of the 42 potential jurors who were questioned during voir dire, only five indicated that they had seen or heard stories in the media about defendant's case. Two of these five potential jurors were excused, one for cause because she admitted that, after reading the case involved gang activity, she could not be a fair and impartial juror. Based on this record a motion for change of venue would have been futile. . . . Counsel is not ineffective for failing to make a futile motion.

*Whetsone,* 2007 WL 4322143 at * 2.

Because the trial judge conducted a thorough *voir dire* and the jurors as seated exhibited no bias, counsel was not ineffective for failing to move for a change of venue. *See e.g. Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004).

9

Fifth, Petitioner argues that counsel was ineffective in failing to present evidence that Petitioner was not a gang member. The state court rejected this claim, finding it failed to overcome the presumption that counsel's decisions regarding what evidence to present and which witnesses to call were sound trial strategy. *Whetstone*, 2007 WL 4322143 at *2. Petitioner has failed to make any offer of proof that such testimony was available nor has he demonstrated resulting prejudice.

Sixth, Petitioner argues that counsel was ineffective in failing to raise the issue whether he was competent at the sentencing hearing. The Michigan Court of Appeals denied this claim holding "[D]efendant does not assert on appeal that he *was* incompetent at the sentencing hearing, nor does anything in the record even suggest it." *Id.* Similarly, in his habeas petition, Petitioner presents no justifiable reason why counsel should have raised this issue. Therefore, the state court's decision was not contrary to or an unreasonable application of *Strickland*.

Habeas relief is denied on Petitioner's ineffective assistance of counsel claims.

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 24, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290